IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00002-FDW

| | |
|---|---|
| AARON DANIEL BUCKNER,<br><br>**Plaintiffs**<br><br>v.<br><br>ANDREW M. SAUL,<br><br>**Defendant.** | **ORDER** |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 13) and Motion for Remand (Doc. No. 24). Plaintiff filed his Motion for Summary Judgment on July 6, 2020. (Doc. No. 13). Through counsel, he seeks judicial review of an unfavorable administrative decision on his application for Supplemental Security Income under 42 U.S.C. § 405(g).[1] Plaintiff alleges the Administrative Law Judge ("ALJ") committed harmful error because he did not properly account for "Plaintiff's limitations in concentration, persistence and pace." (Doc. No. 14, p. 14). Plaintiff also filed a Motion for Remand, (Doc. No. 24), on November 23, 2020. In his Motion for Remand, Plaintiff argues remand is appropriate because his hearing was conducted in front of an invalid ALJ. Id. Both motions have been fully briefed and the Court has carefully reviewed both. For the reasons that follow, the Court DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 13), DENIES Plaintiff's Motion for Remand (Doc. No. 24), and GRANTS Defendant's Motion for Summary Judgment (Doc. No. 24). The Commissioner's decision is accordingly AFFIRMED.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

1

## I. BACKGROUND

Plaintiff filed an application for Title II disability benefits on July 11, 2016, alleging disability beginning August 1, 2015. (Doc. No. 7-1, p. 21). The claim was initially denied on September 1, 2016 and again upon reconsideration on November 17, 2016. Id. A hearing before an ALJ was held on August 1, 2018 in Asheville, North Carolina. Id. The ALJ returned an unfavorable decision to Plaintiff on October 18, 2018. Id. at 26.

The ALJ made his decision after following the five-step evaluation process for disability claims under the Social Security Act ("The Act"). Id. at 17; see also 20 C.F.R. § 416.920(a)(4). At the first step, the ALJ determined Plaintiff had not engaged in "substantial gainful activity" since the alleged onset of his disability. (Doc. No. 7-1, p. 23). At step two, the ALJ determined which of Plaintiff's impairments are "severe." Id.; 20 C.F.R. §§ 404.1520(c). The ALJ concluded Plaintiff had the following severe impairments: degenerative disc disease, schizoid personality disorder, anxiety, and panic attacks. (Doc. No. 7-1, p. 23). At step three, the ALJ determine that Plaintiff's severe impairments did not meet or medically equate the severity of impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). Id. at 24. At step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work . . . except []he is able to perform simple, routine, repetitive tasks and maintain concentration and persistence for simple, routine repetitive tasks for two hour segments. The claimant can adapt to routine changes in a work setting and requires no more than occasional interaction with coworkers and supervisors but should avoid the public.

Id. at 25. The ALJ also determined Plaintiff has past relevant work but is unable to perform it. Id. at 30. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, RFC, and the testimony of the Vocational Expert ("VE") to determine that Plaintiff can adjust to other jobs in the national economy, such as document preparer, addresser, and tube operator. Id. at 31.

The ALJ accordingly denied Plaintiff's application. Id. Plaintiff requested review by the Appeals Council, and such review was denied on October 29, 2018. Id. at 6.

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits: "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. Id.; Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and quotations omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

> The Fourth Circuit has held:
>
> If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is "the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work]."

Lewis, 858 F.3d at 861-62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)) (alterations in original).

In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996

> WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635] (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862.

If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

In his Motion for Summary Judgment, Plaintiff contends the ALJ committed reversible error when he "did not adequately account in the [RFC], for [] Plaintiff's limitations in concentration, persistence, and pace." (Doc. No. 14, p. 14). Plaintiff specifically argues the ALJ's analysis and conclusion regarding concentration, persistence, and pace fell short of the standard required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). For its part, the Government argues the ALJ properly accounted for Plaintiff's limitations in concentration, persistence, and pace, particularly considering the more recent decision, Shinaberry v. Saul, 952 F.3d 113 (4th Cir. 2020).

In Mascio, the Fourth Circuit held that a hypothetical tendered to a VE was legally insufficient where the ALJ failed to explain why the plaintiff's moderate mental limitation in concentration, persistence, and pace did not translate into the RFC. 780 F.3d at 638. The court reasoned that an ALJ cannot sufficiently account for a claimant's limitation in concentration, persistence, and pace by simply limiting the hypothetical to simple or unskilled work. Id. at 638 (citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). In other words, "Mascio held that the ability to perform simple work is not the same as having the ability to *stay on task* during a workday, which is the limitation that would account for a claimant's impairment in concentration, persistence or pace." Minor v. Berryhill, No. 9:17-1087-TMC-BM, 2018 WL 1305181, at *5 (D.S.C. Feb. 20, 2018) (emphasis in original). The Mascio court ultimately remanded because the ALJ provided no explanation at all regarding whether the claimant's limitation affected her RFC. Mascio, 780 F.3d at 638.

More recently, in Shinaberry, the Fourth Circuit held that a limitation to "simple, routine, repetitive tasks" sufficiently accounted for a moderate limitation in concentration, persistence, and pace where the ALJ "issued a comprehensive decision denying [Plaintiff's] claim." Shinaberry, 952 F.3d at

6

119. The court explained that Mascio did not enact a per se rule, but instead allowed an ALJ to explain why a restriction greater than simple, routine, repetitive tasks was not warranted. Id. If an ALJ adequately explains why the objective medical evidence supports a limitation to "simple, routine, repetitive tasks," the ALJ adequately accounts for a claimant's limitations in concentration, persistence, and pace. See id. at 121-22. ("In sum … the ALJ … addressed [Plaintiff's mental limitations] and explained why the psychological evidence and [Plaintiff's] statements support [only] a mental limitation to [simple, routine, repetitive tasks].") Id. at 122.

Here, the ALJ limited Plaintiff to an RFC of performing "simple, routine, repetitive tasks . . . for two-hour segments." (Doc. No. 7-1, p. 25). Courts have recently held that "'a two-hour limitation directly addresses [a claimant's] moderate limitations in concentration, persistence or pace. . . this two-hour limitation closely resembles the effects of limiting a claimant to a non-production pace, which also adequately addresses moderate difficulties in CPP.'" Hampton v. Saul, No. 1:19-cv-00186-RJC, 2020 WL 3799769, at *3 (W.D.N.C. July 7, 2020) (quoting Fender v. Berryhill, No. 1:17-cv-00041-RJC, 2018 WL 1536485, at *7 (W.D.N.C. Mar. 29, 2018)); see also Roope v. Berryhill, No. 5:16-cv-00048, 2017 WL 1364603, at *3 (W.D.N.C. Apr. 13, 2017) ("An explanation of how long a claimant is able to sustain concentration and attention to perform tasks is a direct accounting for the claimant's ability to stay on task—and difficulties in concentration, persistence and pace."); Lakeisha J. v. Saul, No. 8:18-cv-01963-GLS, 2019 WL 3720467, at *2 (D. Md. Aug. 5, 2019).

Moreover, substantial evidence supports the ALJ's RFC limitation. The ALJ explained that "the limitations alleged are more restrictive than those supported by the objective medical evidence" and that "[t]he description of the symptoms and limitations . . . has generally not been consistent and persuasive." (Doc. No. 7-1, pp. 23, 29). For example, the ALJ outlined how

7

Plaintiff's claimed limitations due to side-effects of his medication were inconsistent with treatment notes indicating "[Plaintiff] was tolerating his medications without side effects." Id. at 21. The ALJ also explained that Plaintiff obtained a full-time job as a "traffic controller" and that the record did not support "allegations of extreme anxiety." Id. The ALJ further explained the Plaintiff generally presented as "benign" on clinical presentations and admitted "he was capable of driving a car and managing his household expenses." Id. at 29. The ALJ also highlighted inconsistencies with examining physician Dr. Gregory Narron's treatment notes, which sometimes differed from Plaintiff's subjectively described ailments. See id. at 26-27. Moreover, the ALJ rejected medical statements from Dr. Narron because of the noted inconsistencies, even though Dr. Narron considered Plaintiff to have a "marked *ability* to maintain attention and concentration for extended period of times." Id. at 27 (emphasis added).

In sum, the ALJ did not err in accounting for Plaintiff's limitations in concentration, persistence, and pace. The ALJ limited Plaintiff to an RFC of "simple, routine, and repetitive tasks" for two-hour segments at a time, which directly accounts for his limitations in concentration, persistence, and pace. The ALJ's determination was also supported by substantial evidence. The Court accordingly DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 13), GRANTS the Commissioner's Motion for Summary Judgment (Doc. No. 21), and AFFIRMS the Commissioner's decision.

### IV. MOTION FOR REMAND

Plaintiff also filed a Motion for Remand on November 23, 2020. (Doc. No. 24). In his motion, Plaintiff argues this matter should be remanded for rehearing in front of a different ALJ because the ALJ who rendered the unfavorable decision was invalid under Lucia v. SEC, — U.S

—, 138 S. Ct. 2044 (2018). (Doc. No. 24). Defendant filed a Response in Opposition to the Motion, (Doc. No. 26), but Plaintiff failed to submit a further reply, and the time for doing so has expired.

In his Motion for Remand, Plaintiff argues he is entitled to Lucia relief because "it is not possible . . . to determine from this record when the [ALJ] below was properly appointed as an [ALJ] as required by the Lucia decision." (Doc. No. 24, p. 2).[2] In response, Defendant argues the ALJ's appointment was "timely and properly ratified" prior to the hearing conducted on August 1, 2018 and prior to the ALJ's written decision of October 18, 2018. (Doc. No. 26, p. 1).

In Lucia, the Supreme Court held that remand was necessary where an ALJ was improperly appointed under the Appointments Clause at the time when the ALJ "heard and decided" the case before him. Lucia, 138 S. Ct. at 2055. In response to the Lucia decision, the Social Security Administration issued Social Security Ruling 19-1P, which explained that the Acting Commissioner properly appointed all social security ALJ's on July 16, 2018. See Social Security Ruling 19-1p, 2019 WL 1324866, at *2 (Mar. 15, 2019); see also Velez v. Saul, No. 19-cv-7291, 2020 WL 7638246, at *4 (S.D.N.Y Dec. 23, 2020) ("Thus, as the ALJ in this case conducted a hearing and issued her decision prior to being properly appointed on July 16, 2018, it would appear that this case must be remanded for a new hearing before a different ALJ who has been properly appointed.").

It appears to this Court that the ALJ who heard and decided Plaintiff's case for disability benefits was properly appointed under the Appointments Clause on July 16, 2018. Thus, Defendant is correct in his argument that the ALJ was properly appointed when he heard Plaintiff's case on August 1, 2018 and when he issued his decision on October 18, 2020. There is no evidence in the

---

[2] Plaintiff also asks this Court to find that he has not forfeited his Appointments Clause challenge pursuant to Probst v. Saul, No. 19-1529, 2020 WL 6811986 (4th Cir. Nov. 20, 2020). (Doc. No. 25, p. 2). The Court agrees that Plaintiff has not forfeited such challenge, and Defendant does not contest this point.

9

record to suggest otherwise, and Plaintiff has offered no response in opposition. The Court accordingly finds there is no Appointments Clause issue necessitating remand and DENIES Plaintiff's Motion for Remand. (Doc. No. 24).

## V. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) and Plaintiff's Motion for Remand (Doc. No. 24) are DENIED. Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: February 8, 2021

Frank D. Whitney
United States District Judge